UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK AND SILVIA WALTERS                    CIVIL ACTION

VERSUS                                     NO: 07-8690

LEXINGTON INSURANCE CO.                    SECTION: R(5)


## ORDER

On 23 December 2008, the Court entered an Order of Dismissal in this Hurricane Katrina insurance dispute. (*See* R. Doc. 19.) That Order states:

> The Court having been advised by counsel for all parties that they have firmly agreed upon a compromise in this matter; IT IS ORDERED that this action be and it is hereby dismissed as to all parties, without costs and without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated.

Defendant filed this Motion to Reopen and Enforce Settlement

more than sixty days later.  (*See* R. Doc. 21)(filed 1 April 2009.)  The Court must dismiss defendant's Motion because it does not have subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Gaurdian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  When a district court dismisses a case based on the parties's settlement, the Court has jurisdiction to enforce the agreement only in limited circumstances.  If there is independent subject matter jurisdiction over the agreement, the Court can exercise jurisdiction on that basis.  *Id.* at 382.  Otherwise, the court cannot enforce the agreement unless the dismissal order specifically retains jurisdiction over the agreement or incorporates the agreement's terms.  *Id.* at 381.  "The judge's mere awareness and approval of the terms of the settlement agreement" is not enough.  *Id.*

The Court retained jurisdiction to enforce the settlement in this case for sixty-days only and that time has passed.  The dismissal order did not incorporate the agreement's terms.  Since there is no other basis for jurisdiction, defendants Motion to Reopen and enforce settlement is DISMISSED.  *See*, *e.g., First Bank & Trust v. Haines*, No. 06-2269, 2006 WL 2088309 (E.D.La. July 24, 2006)(no jurisdiction to enforce settlement more than 60-days after order of dismissal); *Roberts v. Roberts,* No. 05-

4171, 2006 WL 626378 (S.D.Tex. Mar. 9, 2006)(same); *U.S. Dep't of Labor v. Caro*, No. 99-2617, 2001 WL 1175116 (E.D.La. Oct. 3, 2001)(same). Defendant may seek relief in state court. *See Kokkonen*, 511 U.S. at 382 ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for jurisdiction.").

New Orleans, Louisiana, this 11th day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE